IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PAUL FARNSWORTH a/k/a
RONNIE BRADFIELD,

    Plaintiff,

vs.                                  No. 03-2950-B/V

EDWARD BAXTER,

    Defendant.

ORDER DENYING MOTION TO AMEND

On March 17, 2005, plaintiff Paul Farnsworth, a/k/a Ronnie Bradfield, Tennessee Department of Correction prisoner number 219625, who is currently incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a motion seeking leave to amend or supplement his claim to assert claims against NWCX Assistant Warden Brenda Jones, NWCX Chaplain Kirk Gross, and Tony Parker (who the motion incorrectly identifies as "Toney Parker"), the warden at the NWCX. The defendant has not responded to this motion, and the time set for response has expired.

The proposed amendment asserts that defendants Jones, Gross, and Parker have discriminated against the plaintiff's Messianic Jewish religion during his incarceration at the NWCX by failing to schedule services, failing to provide an appropriate

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-3-05

diet, failing to provide him with unspecified religious materials. He seeks injunctive relief and compensatory and punitive damages.

The proposed amendment is inappropriate for three reasons. First, the deadline for amending pleadings was February 15, 2005. Plaintiff has not explained his failure to submit the proposed amendment by the deadline, and he has not filed a motion seeking to extend the deadline.

Second, the plaintiff has not demonstrated that he exhausted his administrative remedies with respect to these new claims and defendants. The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El

2

v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the complaint is silent concerning any efforts by this plaintiff to exhaust the proposed claims against

3

the new defendants. Accordingly, the proposed amendment does not satisfy the requirements of 42 U.S.C. § 1997e(a).

Even if that were not the case, this action had been pending sixteen months when this latest motion was filed, plaintiff's summary judgment motion had been pending for five months (although the defendant's response had been deferred and was not yet due), and the plaintiff was complaining about the delay in adjudicating his claim. Under these circumstances, it would not further judicial economy to permit this plaintiff to amend his complaint to commence what is, in essence, an entirely new lawsuit against persons employed at his current prison even though the cause of action is identical to that asserted in the original complaint.

For all the foregoing reasons, the motion to amend is DENIED.

IT IS SO ORDERED this 1st day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 90 in case 2:03-CV-02950 was distributed by fax, mail, or direct printing on August 3, 2005 to the parties listed.

---

Pamela S. Lorch
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Edward Baxter
STATE OF TENNESSEE DEPARTMENT OF CORRECTION
Warden's Office
P.O. Box 1150
Henning, TN 38041

Paul Farnsworth
219625
960 State Route 212
Tiptonville, TN 38079

Honorable J. Breen
US DISTRICT COURT