IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY [signature] D.C.
05 AUG 15 PM 3: 21
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

PAUL FARNSWORTH a/k/a RONNIE BRADFIELD,

Plaintiff,

vs.

EDWARD BAXTER, et al.,

Defendants.

No. 03-2950-B/V

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

On January 4, 2005, plaintiff Paul Farnsworth, a/k/a Ronnie Bradfield, Tennessee Department of Correction ("TDOC") prisoner number 219625, who was, at the time he commenced this action, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a motion, entitled "Motion by Plaintiff for Court's Discretion to Allow Request for Admission Which Was Not Complied by the Defendant(s) Pursuant to rules 36 and 37 Rule that All Plaintiff's Request for Admission Are Forthwith Allowed As All being Admitted," along with an accompanying memorandum. The Court CONSTRUES the motion as one to determine the sufficiency of the defendant's responses to requests for admission,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-16-05

94

pursuant to Fed. R. Civ. P. 36, ¶ 2.[1] Defendant filed a response in opposition to the motion on January 18, 2005.

Resolution of the plaintiff's motion is complicated by the facts that the plaintiff has not specified the requests at issue and has not advanced any specific argument with respect to any of his requests to admit. Instead, the plaintiff seemingly asks the Court to undertake a de novo review of the requests as a whole. The Court will address each request and its response in turn.

> Request No. 1: That defendants owes the Plaintiff named herein a duty of care to provide him with religious service (Jewish's [sic] {Messianic") as required and mandated pursuant to T.D.O.C. Policy (s) 118.01 et seq. (See attached Policy page 32 @(B)(1)(a).
>
> Response: Defendant objects to this request for admission on the basis that it states a legal conclusion rather than factual allegations.

Pursuant to Fed. R. Civ. P. 36(a), ¶ 1, "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request" (emphasis added). Although the defendant's objection is perhaps overly broad, the Court declines to order the defendant to serve an amended answer because the request, as

---

[1] That paragraph provides: "The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial.

drafted, is not clear. In particular, it is not clear that the defendant's failure to schedule Messianic Jewish religious services for the plaintiff is, in fact, a violation of TDOC Policy No. 118.01.[2] Accordingly, this aspect of the plaintiff's motion is DENIED.

> Request No. 2: That to date Edward Baxter and the orther (sic) Defendant(s) named therein Complaint have failed to provide as wel (sic) correction action that would allow Plaintiff to practice his religion and have religious services upon the (Shabbat) (sic) Sabbath as required in the JEWISH FAITH. (see EXODUS Chp.
>
> Response: Defendant object to this request for admission on the basis that it is incomprehensible that this [sic] cannot be responded to by the defendant.

Because this request is not clear, and because it assumes the existence of more than one defendant and claims other than the denial of Messianic Jewish religious services, plaintiff's objection to the defendant's response is without merit and is DENIED.

> Request No. 3: That if all other religion(s) are allowed to practice their faith(s) & beliefs and Plaintiff is denied same that not only have he been discriminated against but as well have been denied his constitutional right to practice his religious beliefs in violation of his U.S. Const. first [sic] Amendment right, as well as that of the restore (religious freedom resoration [sic] act {R.F.A.}).
>
> Response: Defendant objects to this request for admission on the basis that it states a legal conclusion rather than factual allegations.

The Court declines to order the defendant to supplement his response to this motion because the request, as drafted,

---

[2] It is also potentially misleading to describe the defendant's "duty" as arising out of a TDOC policy statement. Pursuant to 42 U.S.C. § 1983, the plaintiff must establish that the defendant's conduct violates the United States Constitution or federal law.

improperly assumes the absence of any relevant difference between the religion the plaintiff professes to follow and every other religious faith practiced by prisoners at the WTSP. Thus, the request posits as facts that "all other religion(s) are allowed to practice their faith(s)" and that the plaintiff's faith has been discriminated against. As the plaintiff has not established the existence of these facts, the Court DENIES the plaintiff's motion.

> Request No. 4.5 [sic]: Further that defendant(s) have also denied plaintiff to obtain as well havein [sic] his possession, prayer shawls, {Tallit{; Phylacteries {Teffillin}, and as well failed to provide Plaintiff at his facility diet 9s) in proportion to his beliefs and requirments [sic] of the Jewish faith. (see TDOC Policy 118.01 Page 3 of 5 @ (c) and as well that of Page 4 of 5 @ 3- thru- 5 {see attcahed [sic] policy 118.01).
>
> Response: Defendant objects to this request for admission on the basis that it concerns irrelevant information beyond the scope of the complaint and is not calculated to lead to the discovery of admissible evidence.

The Court declines to order the defendant to supplement his response because the only claim in this case concerns the denial of Messianic Jewish religious services.

> Request No. 6: That Plaintiff is a Messianic Jew (see affidavit attached Plaintiff's exhibit #8, as well that of MOSKOWITZ v. WILKINSON, 432 F. Supp. 947 @ 949 {4} (1977), as well that of CRUZ v. BETO, 405 U.S. 319, 322 @ n.2 (1972) (per curiam) and that he is entitled to Constitutional proctection [sic] for same as well relief sought if those rights are violated.
>
> Response: Upon information and belief the defendant denies that the plaintiff is a Messianic Jew. The remaining request for admission is objected to on the basis that it states legal conclusions rather than factual allegations.

As the defendant has denied that the plaintiff is a Messianic Jew, the motion to compel is not properly directed to

this aspect of the request. As the remainder of the request assumes that the plaintiff is, in fact, a Messianic Jew, a fact that has not been established, the plaintiff's motion to compel is DENIED.

> Request No. 7: That it is the Chaplain's Duty an [sic] responsibility {as well Warden and other defendants therteof [sic] for planning, leading administering, and "COORDINATING ACTIVITIES AND DEVELOPING COMMUNITY RESOURCES TO METT [sic] THE RELIGIOUS "NEEDS" OF INMATES... (see policy 118.01 page 2 of 5 @ B(1)(a) et seq..
>
> Response: Defendant objects to this request for admission on the basis that it states a legal conclusion rather than factual allegations.

The Court declines to order the defendant to file an amended response because the request, as drafted, is unclear. For example, the request assumes, incorrectly, that there is more than one defendant to this action.

> Request No. 8: Pursuant to; T.C.A. § 41-1-103 {attached Exhibit #7a) That Tennessee Law as well U.S. Const. 1st Amendment further support the Plaintiff's position that Defendant owes a duty and care to the Plaintiff herein.
>
> Response: Defendant objects to this request for admission on the basis that it states a legal conclusion rather than factual allegations.

The defendant's objection to this request is appropriate. Moreover, as this case was brought pursuant to 42 U.S.C. § 1983, the defendant's duties under Tennessee law do not appear to be relevant. The plaintiff's motion is DENIED.

IT IS SO ORDERED this 15th day of August, 2005.

Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 94 in case 2:03-CV-02950 was distributed by fax, mail, or direct printing on August 16, 2005 to the parties listed.

Paul Farnsworth
219625
960 State Route 212
Tiptonville, TN 38079

Pamela S. Lorch
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Edward Baxter
STATE OF TENNESSEE DEPARTMENT OF CORRECTION
Warden's Office
P.O. Box 1150
Henning, TN 38041

Honorable J. Breen
US DISTRICT COURT