IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 SEP 23 PM 2:18

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

|  |  |  |
|---|---|---|
| PAUL FARNSWORTH a/k/a RONNIE BRADFIELD, | X X X X | |
| Plaintiff, | X X | |
| vs. | X | No. 03-2950-B/V |
| EDWARD BAXTER, | X X X | |
| Defendant. | X X | |

ORDER DENYING PLAINTIFF'S MOTION FOR A TRIAL BY JURY

On February 24, 2005, plaintiff filed a document entitled "Motion for a Trial by Jury."[1] Defendant did not file a response to this motion, and the time set for response has expired.

The plaintiff's original complaint, which was filed on November 18, 2003, did not contain a jury demand. Defendant Edward Baxter, the sole remaining defendant, filed an answer on October 12, 2004 that did not contain a jury demand.

As a preliminary matter, the motion is not accompanied by a certificate of consultation, as required by Local Rule 7.2(a)(1)(B). That rule provides, in pertinent part, that "[f]ailure to file an accompanying certificate of consultation may be deemed good grounds for denying the motion." The plaintiff has

---

[1] Although the docket sheets indicates that this motion was filed on February 28, 2005, the date stamp on the motion indicates otherwise.

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 9-23-05

99

previously been advised of the necessity of complying with this local rule. See 02/11/05 Order at 2.

Moreover, plaintiff is not entitled to a jury trial. Rule 38(b) of the Federal Rules of Civil Procedure provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Moreover, Fed. R. Civ. P. 5(d) provides, in pertinent part, that "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."

In this case, the plaintiff's motion was filed more than ten days after the service of the defendant's answer and it is, therefore, untimely. Because of the plaintiff's failure to comply with the Local Rule, there is no indication that the defendant wants a jury trial. Accordingly, the plaintiff's motion is DENIED.

IT IS SO ORDERED this 23 day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 99 in case 2:03-CV-02950 was distributed by fax, mail, or direct printing on September 23, 2005 to the parties listed.

---

Pamela S. Lorch
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Paul Farnsworth
219625
960 State Route 212
Tiptonville, TN 38079

Edward Baxter
STATE OF TENNESSEE DEPARTMENT OF CORRECTION
Warden's Office
P.O. Box 1150
Henning, TN 38041

Honorable J. Breen
US DISTRICT COURT