```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

PAUL FARNSWORTH a/k/a
RONNIE BRADFIELD,

    Plaintiff,

vs.                                  No. 03-2950-B/V

EDWARD BAXTER,

    Defendant.

## ORDER DENYING RECUSAL MOTION

On May 1, 2006, plaintiff Paul Farnsworth, a/k/a Ronnie Bradfield, filed a motion seeking the recusal of this judge because of the order issued on March 30, 2006 that granted summary judgment for the defendant on the plaintiff's claim pursuant to 42 U.S.C. § 1983. The defendant has not responded to this motion.

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, 28 U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

    (1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    (2)    Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

    (3)    Whether he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

    (4)    He knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

    (5)    He or his spouse . . . :

            (i)        Is a party in the proceeding . . . . ;

            (ii)       Is acting as a lawyer in the proceeding;

            (iii)      Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

            (iv)       Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

       A judge must recuse himself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citation

omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read in pari materia to require that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716 F.2d at 1096.[1] "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

The motion filed by plaintiff does not state any ground that would require this judge to recuse himself.[2] Indeed, the motion itself is not sufficiently specific to permit the Court to ascertain why the plaintiff has filed a recusal motion. The text of the motion refers, vaguely, to the order granting the defendant's

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.

[2] The plaintiff has not submitted an affidavit accompanied by "a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

3

motion for summary judgment on the § 1983 claim, yet the plaintiff has attached, without explanation, another order issued by the Court on March 29, 2006 denying a motion to amend or supplement the complaint to assert additional claims under another statute. The motion does not set forth any facts suggesting that this judge has a personal bias against the plaintiff. Instead, it is readily apparent that the plaintiff filed this affidavit solely because he is dissatisfied with the decisions rendered in this case. Accordingly, the motion for recusal is DENIED.

IT IS SO ORDERED this 13th day of June, 2006.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE