```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

PAUL FARNSWORTH a/k/a
RONNIE BRADFIELD,

       Plaintiff,

vs.                                  No. 03-2950-B/V

EDWARD BAXTER,

       Defendant.

```
         ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
                NOTICE OF APPELLATE FILING FEE
```

On September 12, 2005, defendant filed a motion, accompanied by a memorandum of law, to dismiss the complaint, pursuant to 42 U.S.C. § 1997e(a), in light of <u>Jones Bey v. Johnson</u>, 407 F.3d 801 (6th Cir. 2005), <u>petition for cert. filed</u>, 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874). On October 12, 2005, defendant filed a motion clarifying that the entire complaint, including the claim pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc <u>et</u> <u>seq.</u>, should be dismissed pursuant to 42 U.S.C. § 1997e(a), based on <u>Jones Bey</u>. Plaintiff filed a response to both

motions on October 26, 2005, and he supplemented his response to the October 12, 2005 motion on November 18, 2005.[1]

In an order issued on August 3, 2004 (D.E. 15), the Court found that plaintiff had exhausted some, but not all, the claims asserted in his complaint:

> In this case, the plaintiff filed a grievance on or about September 30, 2003 (Grievance No. 22220), in which he alleged that "I requested via Information Request Form from chaplain several days ago for Messianic Jewish service before feast days, he failed to respond to date." He requested that Jewish services be held on every Sabbath day. The grievance committee issued its decision on October 7, 2003 that the chaplain had adhered to applicable TDOC policy. The plaintiff appealed, and defendant Steward agreed with the proposed response on October 10, 2003. Plaintiff appealed to TDOC, and defendant Cook issued a decision on October 22, 2003 that the decision of the Committee is appropriate. The plaintiff has, therefore, exhausted a generalized claim that defendant Baxter has not arranged for Messianic Jewish religious services.
>
> Other aspects of the plaintiff's complaint have not been exhausted. In particular, the plaintiff has not exhausted his claim that he has been discriminated against on the basis of his race and his age. The plaintiff also has failed to exhaust his claims against defendants David G. Mills, Thomas Mills, Steward, White, and Cook.

08/03/04 Order at 6-7 (footnote omitted). The Court severed the claim against defendant Baxter for failure to provide Messianic Jewish religious services and dismissed the remainder of the

---

[1] Farnsworth's October 26, 2005 response is entitled "Plaintiff Motion in Opposition to Defendant's 'Second' Motion to dismiss Relating to R.L.U.P.I.A. [sic]," and it is accompanied with a separate legal memorandum. The Clerk, correctly, did not docket plaintiff's response as a separate motion.

The plaintiff's response to the September 12, 2005 motion, and his supplemental response to the October 12, 2005 motion, are timely, as the plaintiff filed a motion for an extension of time, up to and including November 29, 2005, on October 12, 2005. On March 30, 2006, the Court issued an order granting that aspect of the plaintiff's motion. See Docket Entry ("D.E.") 111.

complaint pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[2] In his motions to dismiss, defendant urges the Court to dismiss this mixed complaint in its entirety pursuant to 42 U.S.C. § 1997e(a) and Jones Bey.

In Jones Bey, the Sixth Circuit held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. 407 F.3d at 805-09. Subsequently, in Rinard v. Luoma, 440 F.3d 361 (6th Cir. 2006), the Sixth Circuit clarified that its holding in Jones Bey precludes a prisoner from amending his complaint to dismiss all defendants against whom the plaintiff has failed to exhaust his administrative remedies.

Farnsworth's various responses to the defendant's motions do not take issue with the legal proposition articulated in Jones Bey. Instead, the plaintiff argues that he has adequately exhausted his claims.[3] In his October 26, 2005 response to the motions to dismiss, entitled "Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss" (D.E. 107), plaintiff first cites the Supreme Court's decision in Haines v. Kerner, 404 U.S. 519 (1972) (per

---

[2] In addition to the fact that the plaintiff did not exhaust his claims against certain defendants concerning the failure to provide Messianic Jewish religious services, or to respond adequately to his complaints about defendant Baxter, the complaint, as originally submitted, presented various other allegations against additional defendants that were not exhausted, including, at a minimum, a claim that the plaintiff was exposed to environmental tobacco smoke, and a claim that he has been unable to get to the dining hall due to his confinement to a wheelchair. The plaintiff also has not exhausted his claims against defendants Robert Adams, Donna Chilsim, Donna White, and Robert Gromely concerning his numerous medical claims. On January 21, 2004, Farnsworth filed a notice that he did not wish to pursue his medical claims. The decision in Rinard v. Luoma makes clear that a plaintiff cannot avoid a sua sponte dismissal by amending his complaint to eliminate unexhausted claims.

[3] The legal standards applicable to 42 U.S.C. § 1997e(a) are set forth at pp. 4-7 of the August 2, 2004 order.

3

curiam), which does not involve 42 U.S.C. § 1997e(a). He also asserts that "[d]efendant's [sic] failed to prove that Plaintiff have not exhausted his administrative remedies that were availble [sic], and Plaintiff have in 'fact' fully exhausted all his availble [sic] administrative remedies." D.E. 107 at 1. Plaintiff does not provide any factual support for this assertion, but relies, instead, on the Sixth Circuit's decision in Thomas v. Woolum, 337 F.3d 720, 723 (6th Cir. 2003), which held that a complaint cannot be dismissed pursuant to 42 U.S.C. § 1997e(a) because a grievance is untimely. That aspect of Woolum is no longer a correct statement of the law in light of the Supreme Court's decision in Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006), which held that a prisoner does not satisfy the exhaustion requirement of § 1997e(a) "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Moreover, plaintiff's response ignores the fact that prisoner plaintiff's are required to plead particular facts demonstrating their compliance with 42 U.S.C. § 1997e(a). See 08/02/04 Order at 4-5.

In the second document filed by the plaintiff on October 26, 2005, entitled "Memorandum of Law in Support" (D.E. 108), the plaintiff first asserts that, at the hearing on his grievance about Messianic Jewish services, he stated that the defendant's actions were motivated by race. D.E. 108 at 1, 3. Nothing in the text of the plaintiff's grievance, the responses, and the minutes of the grievance committee hearing, all of which are attached to the complaint, corroborate that assertion. The exhaustion requirement would be effectively nullified if a plaintiff could satisfy it by

4

making a factual assertion that is unsupported by the text of his grievance and the hearing minutes.[4] The plaintiff also relies on the opinion in Thomas, id. at 3, which, as previously noted, is no longer good law.

The inmate also asserts that he previously voluntarily dismissed all defendants and all claims except the one against defendant Baxter for failing to provide Messianic Jewish religious services. Id. at 4. The plaintiff relies on the docket entry summarizing the August 2, 2004 order in this case, which indicates, as previously noted, that the plaintiff did not voluntarily dismiss all claims and parties except the remaining claim against defendant Baxter.[5] Moreover, even if the plaintiff's factual assertions were accurate, the decision in Rinard makes clear that that course is not an appropriate means for a prisoner to bring a noncomplying complaint into compliance with 42 U.S.C. § 1997e(a).

Next, the plaintiff argues that the decision in Jones Bey is not retroactive. D.E. 108 at 4.[6] The defendant's brief fails to

---

[4] The plaintiff did submit an affidavit, sworn to on October 24, 2005, almost two years after the complaint was filed and more than two years after the October 7, 2003 grievance hearing. This affidavit was not submitted with the complaint and, even if it had been, the Court is unaware of any legal authority authorizing the use by prisoners of self-serving affidavits to supplement the official record of the grievance process.

[5] That assertion is also contradicted by the plaintiff's filings in this case, including his attempt to obtain a default against one of the dismissed defendants. See, e.g., D.E. 30, 73.

[6] Farnsworth relies on one sentence in Jones Bey to the effect that "[w]e now join the Tenth and Eighth circuits in holding that total exhaustion is required under the PLRA." 407 F.3d at 806. That sentence, in context, concludes a discussion about how Sixth Circuit law prior to that decision was "somewhat inconsistent," id., and how district courts in the circuit, "[a]cting without clear guidance from this court, . . . are split on whether the PLRA requires total exhaustion in cases involving 'mixed' complaints," id. The decision in Jones Bey provides no express limitation of its holding to future cases.

5

address this issue, but the procedural history of the decision in Jones Bey indicates that dismissal of the complaint on that basis is appropriate.

The complaint in Jones Bey concerns events that occurred in 2001 and 2002. The plaintiff in that case commenced his action in July 2002, the defendants were served, and they subsequently filed a motion arguing that they were entitled to summary judgment for failure to exhaust and on the merits. The case was referred to a magistrate judge, who issued a report and recommendation on August 18, 2003 that urged dismissal of the complaint pursuant to the "total exhaustion rule" or, in the alternative, on the merits. The district court issued an order on September 16, 2003 adopting the report and recommendation and dismissing the case. Jones Bey v. Johnson, No. 2:02-cv-101 (W.D. Mich.). On appeal, the Sixth Circuit remanded the case to the district court with instructions that it be dismissed without prejudice for failure to exhaust. Id. at 809. In so holding, the appellate court did not address the district court's alternative holding that granted summary judgment for the defendants on the merits of the plaintiff's claims.

This case is procedurally similar to Jones Bey, in that the defendant, who was served, subsequently sought to dismiss the complaint pursuant to 42 U.S.C. § 1997e(a). Although Sixth Circuit case law requires prisoners to allege with particularity their compliance with 42 U.S.C. § 1997e(a), see, e.g., Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000), and exhaustion issues must be considered when a district court screens a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, see, e.g., Baxter v.

6

Rose, 305 F.3d 486, 488-89 (6th Cir. 2003), nothing in 42 U.S.C. § 1997e(a) precludes a defendant from raising an issue concerning the plaintiff's compliance with that provision in a subsequent motion, as the defendant did in this case.

In the response filed on November 18, 2005, entitled "Plaintiff Motion in Opposition to Defendant's 'Second' Motion to dismiss Relating to R.L.U.P.I.A. [sic]" (D.E. 109), the plaintiff reiterated the arguments made in his October 26, 2005 filings.

If this action had been commenced on or after the date in which the decision in Jones Bey was issued, it is clear that the complaint would have been dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a), prior to service on any defendant. For the reasons stated herein, the Court concludes that the decision in Jones Bey is applicable to this case and, therefore, DISMISSES the case without prejudice, pursuant to 42 U.S.C. § 1997e(a), for failure fully to exhaust his administrative remedies with respect to each claim and each defendant prior to commencing this action. In particular, the Court's August 2, 2004 order makes clear that the plaintiff did not exhaust claims asserted against defendants David G. Mills, Thomas Mills, Steward, White and Cook. The Sixth Circuit's decisions in Jones Bey and Rinard v. Luoma make clear that the approach taken by this Court in that order, of attempting to sever unexhausted claims and parties, is contrary to 42 U.S.C. § 1997e(a). Likewise, the Court would have concluded, on the basis of Rinard, that the plaintiff could not voluntarily amend his complaint to dismiss unexhausted claims and parties. In light of this holding, it is not necessary to consider the other pending

7

motions filed in this case, all of which are DENIED as moot, with the sole exceptions of the motions filed by the plaintiff seeking an extension of time to respond to these motions. Those motions are addressed in separate orders.

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case pursuant to 28 U.S.C. § 1915(g) also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[7] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. However, as four of plaintiff's cases have been dismissed for failure to state a claim or as frivolous,[8] 28 U.S.C. § 1915(g) bars him from taking an appeal under § 1915(b). Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if plaintiff files a notice of appeal, he is required to remit the entire appellate filing fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. Cf. McGore, 114 F.3d at 609-10.

IT IS SO ORDERED this 22nd day of August, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[7] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

[8] See Bradfield v. City of Memphis, et al., No. 96-3184-D/V (W.D. Tenn. dismissed Feb. 3, 1997) (collecting cases).