```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

_____

PAUL FARNSWORTH a/k/a  )
RONNIE BRADFIELD,      )
                       )
        Plaintiff,     )
                       )
vs.                    )        No. 03-2950-B/V
                       )
EDWARD BAXTER,         )
                       )
        Defendant.     )
                       )

_____

ORDER DENYING MOTION TO REHEAR
ORDER DENYING MOTION TO HOLD CASE IN ABEYANCE
ORDER GRANTING MOTIONS TO REINSTATE COMPLAINT
ORDER VACATING JUDGMENT
AND
ORDER DIRECTING PARTIES TO RE-FILE OUTSTANDING MOTIONS

_____

On August 22, 2006, the Court issued an order granting Defendant's motion to dismiss the complaint, in its entirety, pursuant to the Sixth Circuit's decision in Jones Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). (Docket Entry ("D.E.") 139.) Judgment was entered on August 23, 2006. (D.E. 140.)

On August 30, 2006, Plaintiff filed a motion, entitled "Plaintiff's Motion to Rehear and/or Rule 59/69 Motion" (D.E. 141), in which he argued that the dismissal was in error in light of the decision in Farese v. Scherer, 342 F.3d 1223 (11th Cir. 2003) (en banc), which held that paid complaints cannot be dismissed, sua

sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Defendant filed a response in opposition to that motion on September 19, 2006. (D.E. 142.) These principles have no bearing on this case, as the complaint was not dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The decisions in Farese and Benson do not hold that the exhaustion requirement contained in 42 U.S.C. § 199e(a)(a) is inapplicable to paid complaints, and nothing in the text of the statute supports Plaintiff's position. This motion is DENIED.

On November 3, 2006, Plaintiff filed a motion, entitled "Plaintiff's Motion under Rule 59 or 60 to Reinstate Claims and/or in the Alternative Place Action in Abeyance until a Ruling via United States Supreme Court is Rendered" (D.E. 145), that seeks to reinstate the case or, in the alternative, hold the motion in abeyance pending the Supreme Court's expected decision in Jones v. Bock. Defendant filed a response in opposition to the motion on November 8, 2006. (D.E. 146.) As the Supreme Court's decision in Jones v. Bock, 127 S. Ct. 910 (2007), has issued, the motion to reinstate is DENIED as moot.

Finally, on February 2, 2007, Plaintiff filed a motion to reinstate his complaint in light of Jones v. Bock. The decision in Jones v. Bock, 127 S. Ct. at 923-26, holds, inter alia, that 42 U.S.C. § 1997e(a) does not permit the dismissal of actions because a plaintiff's complaint includes one or more unexhausted claims. As the Court's August 22, 2006 decision was based on an incorrect

---

[1] The Sixth Circuit reached a similar conclusion in Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 2003).

interpretation of 42 U.S.C. § 1997e(a), the Court GRANTS Plaintiff's motions to reinstate the complaint.

To clarify the status of this action, the only claim remaining is that brought against Defendant Baxter, under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., for failure to provide Messianic Jewish religious services. The August 22, 2006 order terminated all outstanding motions as moot, and this order does not reinstate those motions. Accordingly, the parties are directed, within thirty (30) days of the date of entry of this order, to resubmit any dispositive motion pertinent to this remaining claim.

IT IS SO ORDERED this 21st day of February, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE