```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

PAUL FARNSWORTH a/k/a  
RONNIE BRADFIELD,

      Plaintiff,

vs.                                            No. 03-2950-B/V

EDWARD BAXTER,

      Defendant.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS RLUIPA CLAIM

On February 21, 2007, the Court issued an order vacating the judgment and reopening this action in light of the Supreme Court's decision in Jones v. Bock, 127 S. Ct. 910 (2007). (Docket Entry ("D.E.") 148.) The order further provided as follows:

> To clarify the status of this action, the only claim remaining is that brought against Defendant Baxter, under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., for failure to provide Messianic Jewish religious services. The August 22, 2006 order terminated all outstanding motions as moot, and this order does not reinstate those motions. Accordingly, the parties are directed, within thirty (30) days of the date of entry of this order, to resubmit any dispositive motion pertinent to this remaining claim.

(Id. at 3.) On February 27, 2007, Baxter filed a motion to dismiss the RLUIPA claim pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 149.) On April 3, 2007, the Court issued an order granting Plaintiff sixty (60) days to respond to the motion to dismiss. (D.E. 155.)Farnsworth filed his response to the motion to dismiss on May

3, 2007, consisting of a thirty-page document, entitled "Plaintiff's Motion in Opposition to the Defendant's Motion to Dismiss" (D.E. 157-1) and a fourteen-page document, entitled "Memorandum of Law in Support and Affidavits and Exhibits in Support" (D.E. 157-2).[1] On May 25, 2007, Defendant filed a reply in further support of his motion. (D.E. 160.)[2]

The RLUIPA, 42 U.S.C. § 2000cc-1(a), states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

The RLUIPA is applicable where "the substantial burden is imposed in a program or activity that receives federal financial assistance." Id., § 2000cc-1(b)(1). "The RLUIPA applies a strict-scrutiny standard" to actions by prison officials that impose a substantial burden on the religious exercises of prisoners. Marsh v. Granholm, No. 2:05-cv-134, 2006 WL 2439760, at *9 (W.D. Mich.

---

[1] The first seven pages of D.E. 157-2 do not pertain to the pending motion to dismiss the RLUIPA claim but, rather, argue that summary judgment should not have been granted on the 42 U.S.C. § 1983 claim. The Court declines to revisit the summary judgment order, which issued on March 30, 2006 (D.E. 112), in the context of a legal memorandum in opposition to the pending motion to dismiss the RLUIPA claim.

[2] On May 3, 2007 and June 7, 2007, Plaintiff filed three sets of documents, with no explanation of any relevance they may have to the pending motion. (D.E. 157, 158, 162.) The Court declines to consider any of the factual information submitted, as the pending motion was brought pursuant to Fed. R. Civ. P. 12(b)(6). The legal citations will be considered to the extent relevant.

Aug. 22, 2006) (report and recommendation); see also Cutter v. Wilkinson, 425 F.3d 579, 582 (6th Cir. 2005).

In his motion to dismiss, Baxter does not address whether the conduct at issue imposes a substantial burden on Plaintiff's religious exercise. Instead, Defendant first argues that money damages are not available against individual defendants in their individual capacities under the RLUIPA. (D.E. 149-2 at 2.) As Defendant has noted, "'the case law with regard to whether Defendants are liable for damages under the RLUIPA is currently unsettled in this and other circuits.'" (Id. (quoting Marsh, 2006 WL 2439760, at *14); see Marsh, 2006 WL 2439760, at *10 (collecting cases); Daker v. Ferrero, No. 1:03-CV-02481-RWS, 2006 WL 346440, at *8 (N.D. Ga. Feb. 13, 2006) (collecting cases).) Baxter has not clearly articulated the basis for his argument that the RLUIPA does not authorize the recovery of damages against an individual defendant, choosing instead only to cite decisions on both sides of the question. (See D.E. 149-2 at 2.)

The RLUIPA applies to actions by a "government," which would appear to preclude individual liability. 42 U.S.C. § 2000cc-2(a) (authorizing privates suits against "a government"); see also supra p. 2. However, the term "government" is defined to mean:

> (i)  a State, county, municipality, or other governmental entity created under the authority of a state;
>
> (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and
>
> (iii) any other person acting under color of State law.

42 U.S.C. § 2000cc-5(4)(A). Relying on that definition, one district court concluded as follows:

> Were the Act's definition of "government" limited to subsections (i) and (ii), its remedial reach would no doubt be susceptible to a construction that embraces only those claims asserted against "official[s]" in their "official" capacities. In adding subsection (iii), however, with language that tracks so closely that found in 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State"), Congress seemed to envision a concept of "government" that would include all those persons amenable to suit under § 1983—including, necessarily, state officials in their individual capacities.

Daker, 2006 WL 346440, at *9. Moreover, although 42 U.S.C. § 2000cc-2(a) does not explicitly authorize recovery of money damages, it also does not preclude the award of damages. Id. at *9-*10. Thus, the Daker court concluded as follows: "[T]his Court reads the RLUIPA to permit suit against state officials in their individual capacities." Id. at *10. In Marsh, on which Defendant heavily relies, the magistrate judge rejected the position advocated by Defendant in this case:

> The undersigned notes that the Sixth Circuit has not addressed the liability of individual defendants under the RLUIPA. However, the Sixth Circuit has allowed a lawsuit filed under the RLUIPA against individual defendants to proceed without considering whether individuals are amenable to lawsuit. Cutter v. Wilkinson, 423 F.3d 579 (6th Cir. 2005). Because the undersigned is persuaded by the reasoning set forth in Daker, I recommend that Defendants be denied summary judgment on the issue of individual liability.

2006 WL 2439760, at *11. The district judge approved and adopted that report and recommendation. Id. at *3.

The Court finds the analysis in Daker and Marsh to be persuasive. The Court is also persuaded by the pendency of the claims against individual defendants in Cutter and the fact that no other court in this circuit appears to have adopted the position

4

advocated by Defendant. Defendant's motion to dismiss on this basis is DENIED.[3]

Next, Baxter asserts that he is entitled to qualified immunity. "Governmental officials performing discretionary functions generally are shielded from liability for civil damages in so far as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S 800, 818 (1982).

> A court required to rule upon the qualified immunity issue must consider . . . this threshold question: Taken in the light most favorable to the party asserting the injury, do the alleged facts show the officer's conduct violated a constitutional right? This must be the initial inquiry. . . .
>
> If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in the specific context of the case, not as a broad general proposition.

Saucier v. Katz, 533 U.S. 194, 201 (2001) (citation omitted). "Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." Brousseau v. Haugen, 543 U.S. 194, 198 (2004); see also Dunigan v. Noble, 390 F.3d 486, 491 (6th Cir. 2004) ("In other words, where a

---

[3] The Court is aware that, in a subsequent decision, the Daker court concluded that the RLUIPA does not authorize the recovery of damages against individual defendants. Daker v. Ferrero, 475 F. Supp.2d 1325, 1333-47 (N.D. Ga. 2007) (Daker II). The cursory briefs submitted by the parties are insufficient to permit the Court to consider whether the complex constitutional analysis set forth in Daker II is persuasive. Thus, the Court's ruling is without prejudice to Defendant's right to file a new, properly supported motion to dismiss on this basis.

constitutional violation exists, an officer's personal liability turns on the 'objective legal reasonableness' of the action in view of the circumstances the officer confronted assessed in light of 'clearly established' legal rules.") (citing <u>Saucier</u>, 533 U.S. at 201).

Once again, Baxter makes no argument that his conduct did not violate the RLUIPA or, if it did, that the violation was not clearly established at the time it occurred. Instead, Defendant first contends that he is entitled to qualified immunity because, at the time this lawsuit was commenced, it was not clear that the RLUIPA itself was constitutional. (D.E. 149-2 at 4-5.) The Clerk docketed Plaintiff's complaint on November 18, 2003. Eleven days earlier, on November 7, 2003, the Sixth Circuit held the RLUIPA to be unconstitutional in light of the Establishment Clause. <u>Cutter v. Wilkinson</u>, 349 F.3d 257 (6th Cir. 2003), <u>rev'd</u>, 544 U.S. 709 (2005). Defendant relies on <u>Ghani v. Caldwell</u>, No. 05CV71704, 20006 WL 2700749, at *1 (E.D. Mich. Sept. 18, 2006), which granted qualified immunity to a defendant for conduct that occurred in 2004, after the issuance of the Sixth Circuit's decision in <u>Cutter</u> but prior to the Supreme Court's decision. However, an examination of Plaintiff's grievances, and the responses to those grievances, indicates that the conduct at issue in this case occurred prior to the Sixth Circuit's decision in <u>Cutter</u>, and thus, Defendant was not entitled to rely on a decision that had not yet been issued. <u>Lovelace v. Lee</u>, 472 F.3d 174, 198 (4th Cir. 2006); <u>Reischauer v. Jones</u>, No. 2:06-cv-149, 2007 WL 1521578, at *6 (W.D. Mich. May 23, 2007) ("[U]ntil November 7, 2003, when <u>Cutter</u> was decided by the

6

Sixth Circuit, the RLUIPA was valid law requiring compliance by prison officials. . . . Consequently, Defendant is not entitled to qualified immunity with regard to Plaintiff's RLUIPA claims which arose prior to November 7, 2003."); Porter v. Caruso, 479 F. Supp.2d 687, 692 (W.D. Mich. 2007); Figel v. Overton, No. 2:03-CV-216, 2006 WL 2521600, at *2 (W.D. Mich. Aug. 30, 2006) ("Defendants cannot hide behind the decision of the Sixth Circuit when the court ruled improperly that the RLUIPA was unconstitutional, because that ruling came after the asserted conduct in this case.") . Although the constitutionality of the RLUIPA had not been settled at the time of the events at issue, a government official is not entitled to ignore a federal statute under the assumption that it will later be held unconstitutional. See Lovelace, 472 F.3d at 198; Schwenk v. Hartford, 204 F.3d 1187, 1204 (9th Cir. 2000) ("State officials are . . . not entitled . . . to ignore a new federal law in the hopes that a court will subsequently strike it down. If officials choose to ignore a federal law, they do so at their own peril."); Figel, 2006 WL 2521600, at *2 ("In order to adopt defendants' argument, the court would have to make a rule that whenever a law is enacted in this country, it is not clearly established law until a court first rules on its constitutionality. . . . [A]s soon as the RLUIPA was signed into law, it became clearly established law in this country. . . . Defendants' assertion of qualified immunity based upon a lack of a court ruling that the Act was constitutional at the time of the alleged wrong is clearly an argument without any

basis in law."). This aspect of Defendant's motion to dismiss is also DENIED.[4]

Next, Defendant argues that he is entitled to qualified immunity for money damages because it is not clearly established that the RLUIPA confers liability for such relief against individual defendants. (D.E. 149-2 at 5.) Defendant relies on Marsh v. Granholm, 2006 WL 2439760, at *2, *14, which found the individual defendants to be immune from money damages on that basis. The decision in Marsh is not persuasive on that point, as the qualified immunity analysis considers whether the right alleged to have been violated was clearly established, not whether the scope of relief was established. This aspect of Defendant's motion is DENIED.

Finally, Baxter argues that Plaintiff cannot obtain injunctive relief. As Defendant noted in his reply (D.E. 160), the complaint does not seek injunctive relief. (See 08/02/04 Order (D.E. 15) at 7 n.5 ("[T]he compliant does not seek injunctive relief with respect to the alleged deprivation of the plaintiff's

---

[4] The Court notes that Plaintiff has not filed a supplemental complaint concerning events after the filing of his original complaint, Fed. R. Civ. P. 15(d), although he has referred, informally, to subsequent events, including Defendant's alleged failure to take appropriate action in light of the decisions of the grievance committee and the warden. Plaintiff will not be permitted to amend his complaint to encompass these subsequent events as they occurred after the Sixth Circuit's decision in Cutter and, as a result, Defendant would be entitled to qualified immunity. See Figel v. Riley, No. 2:04-cv-164, 2006 WL 2472208, at *8 (W.D. Mich. Aug. 24, 2006); Ghani, 2006 WL 2700749, at *1.

right to practice his religion."). However, Defendant appears to have withdrawn this aspect of his motion.

IT IS SO ORDERED this 26th day of September, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE