IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PAUL FARNSWORTH a/k/a
RONNIE BRADFIELD,

    Plaintiff,

vs.                          No. 03-2950-B/V

EDWARD BAXTER,

    Defendant.

---

ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL
AND
ORDER GRANTING PLAINTIFF'S MOTION TO SET A TRIAL DATE

---

On November 5, 2007, Plaintiff filed a motion seeking the recusal of this judge and asking that a trial date be set. (Docket Entry ("D.E.") 164.) Defendant filed a response in opposition to the motion on November 16, 2007. (D.E. 165.)

Plaintiff does not state whether he is seeking recusal pursuant to 28 U.S.C. § 144 or § 455(a). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such

> time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff has not complied with the procedural requirements applicable to a § 144 motion. The motion was not timely filed and does not attempt to show good cause for the late filing. The motion also was not signed under penalty of perjury and is not accompanied by a certificate stating that it is made in good faith.

Twenty-eight U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Whether he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse . . . :

    (I) Is a party in the proceeding . . . . ;

    (ii) Is acting as a lawyer in the proceeding;

>   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

A judge must recuse himself if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read in pari materia to require that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716 F.2d at 1096.[1] "A judge is presumed to be impartial, and a litigant seeking

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.

3

disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

In his motion, Plaintiff suggests that the order issued on September 29, 2006 denying Defendant's motion to dismiss evidences bias because the Court encouraged Defendant to file a renewed motion on a specified basis. (See D.E. 163 at 5 n.3.) Plaintiff's assumption that the Court was "signaling" to Defendant that a properly supported motion would be granted is erroneous. The footnote makes clear that it is unnecessary to address the arguments made in the case cited in the footnote because the briefs filed by the parties do not adequately address the issue. Consequently, the Court has not considered whether or not a properly supported motion should be granted.

Even if that were not the case, the Court's view of the law as it applies to the facts of this case is not the type of extrajudicial bias that requires a judge to recuse himself.

The motion for recusal is DENIED.

Plaintiff also asked that a trial date be set. In response, Defendant states that he intends to file a motion for summary judgment. The possibility that a summary judgment motion may be filed does not preclude the setting of a trial date. Plaintiff's motion to set a trial date is GRANTED. The Clerk is directed to set a trial date. Defendant's motion for summary

judgment is due within thirty (30) days of the date of entry of this order.

IT IS SO ORDERED this 21st day of November, 2007.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE