IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |   |              |
|------------------------------|---|--------------|
| PAUL FARNSWORTH a/k/a        | § |              |
| RONNIE BRADFIELD,            | § |              |
|                              | § |              |
| Plaintiff,                   | § |              |
|                              | § |              |
| vs.                          | § | No. 03-2950-B/V |
|                              | § |              |
| EDWARD BAXTER,               | § |              |
|                              | § |              |
| Defendant.                   | § |              |
|                              | § |              |

ORDER DECLINING TO CERTIFY INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)
ORDER ADVISING PLAINTIFF THAT CASE IS NOT STAYED
DURING PENDENCY OF APPEAL
ORDER DIRECTING DEFENDANT TO MAIL DOCUMENTS TO PLAINTIFF
BY CERTIFIED MAIL
AND
ORDER GRANTING PLAINTIFF FINAL EXTENSION OF TIME
TO RESPOND TO SUMMARY JUDGMENT MOTION

On January 4, 2008, Defendant Edward Baxter filed a motion seeking summary judgment on the sole remaining claim, under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., for failure to provide Messianic Jewish religious services. (Docket Entries ("D.E.") 171 & 172.) On January 29, 2008, instead of responding to the motion on the merits, Plaintiff submitted a motion entitled "Plaintiff Motion to Dismiss Defendant's Motion to Dismiss for Failure to Supply to Plaintiff All Exhibits and Attachment, Further Plaintiff Request Sanctions are Placed against Defendant, and the Defendant's Attorney." (D.E. 175.) Defendant filed a response in opposition to

Plaintiff's motion on February 13, 2008 (D.E. 176), and Plaintiff filed a motion seeking leave to reply on February 20, 2008 (D.E. 177, which the Court granted in an order issued on April 10, 2008 (D.E. 179).

In his January 29, 2008 motion, Farnsworth argued that he should not be required to file a substantive response to the summary judgment motion because (I) Defendant neglected to attach a copy of Defendant's factual affidavit, which had been previously submitted in connection with another motion, and (ii) the motion is duplicative of other, unspecified motions. The order issued on April 10, 2008 denied Plaintiff's motion to strike the summary judgment motion and directed him to file his response to the summary judgment motion within thirty (30) days. (D.E. 179.)

On April 14, 2008, Plaintiff filed a document, entitled "Notice of Interlocutory Appeal and Notice of filing 'Attached Letter' and Motion for Extension of Time to File Court Order Respond." (D.E. 183.) Two additional copies of this document were filed on April 16, 2008. (D.E. 181 & 182.)

The first portion of Farnsworth's filing is a notice of appeal as to the two orders issued on April 10, 2008, D.E. 178 and 179. The Court notes that Plaintiff has not paid the $455 appellate filing fee and, because he has filed more than three prior lawsuits that have been dismissed for failure to state a claim or as

frivolous, the restrictions in 28 U.S.C. § 1915(g) apply and Plaintiff may not proceed in forma pauperis on appeal.[1]

No final judgment has been entered in this case, and Plaintiff's appeal does not involve an order subject to 28 U.S.C. § 1992(a). Pursuant to 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or Court of Appeals or a judge thereof shall so order.

The Court has not certified that an interlocutory appeal from any of the orders at issue would be warranted. Plaintiff has not asked the Court to certify any order for interlocutory appeal, and the Court declines to certify any such order.

Farnsworth is advised that his interlocutory appeal does not stay proceedings in this matter before this Court. In the April 10, 2008 order (D.E. 179 at 4), Plaintiff was directed to respond to the summary judgment motion. The filing of the interlocutory appeal does not extend that time limit.

Plaintiff also asserted that he had not yet received the Baxter Affidavit even though counsel represented that a copy of

---

[1] See Bradfield v. City of Memphis, et al., No. 96-3184-D/V (W.D. Tenn. dismissed Feb. 3, 1997) (collecting cases); see also D.E. 6.

that affidavit was mailed to him on February 14, 2008. (D.E. 176.) Plaintiff also asserted, for the first time, that he had not received copies of the unpublished decisions cited by Defendant, copies of which were submitted with the summary judgment motion. (See D.E. 172.) Plaintiff has not explained why he waited more than three months after the filing of the motion to notify the Court or Defendant's counsel that he did not receive copies of the unpublished decisions. Nonetheless, Defendant is ORDERED to mail another copy of the Baxter Affidavit and the unpublished decisions to Plaintiff by certified mail and to notify the Court when that mailing has been made. Plaintiff's time to respond to the summary judgment motion is extended until thirty (30) days after the date on which Defendant's notice of service is filed. **That time will not be further extended without good cause**.

IT IS SO ORDERED this 23rd day of April, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE